**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**U.S. BANK NATIONAL**
**ASSOCIATION,**

        **Plaintiff,**

**v.**                                        **Case No:   6:15-cv-1895-Orl-41GJK**

**EDWARD LEE WINDSOR, VIVIANA**
**WINDSOR, ALL UNKNOWN PARTIES**
**CLAIMING INTERESTS BY,**
**THROUGH, UNDER OR AGAINST A**
**NAMED DEFENDANT TO THIS**
**ACTION, OR HAVING OR CLAIMING**
**TO HAVE ANY RIGHT, TITLE OR**
**INTEREST IN THE PROPERTY**
**HEREIN DESCRIBED, UNITED**
**STATES OF AMERICA, FEDERAL**
**TRADE COMMISSION, STATE OF**
**FLORIDA OFFICE OF THE**
**ATTORNEY GENERAL, CAPITAL**
**ONE BANK (USA), NATIONAL**
**ASSOCIATION, UNKNOWN TENANT**
**#1 and UNKNOWN TENANT #2,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on Edward Lee Windsor's

response to the Court's January 5, 2016 Order to Show Cause.   Doc. No. 26.

**I.**      **BACKGROUND.**

On September 16, 2015, Plaintiff filed a verified complaint (the "Complaint") against

Edward Lee Windsor, Viviana Windsor, and other interested parties (collectively, the

"Defendants") in the Ninth Judicial Circuit Court of Florida, seeking to foreclose a mortgage on

real property owned by Edward Lee Windsor and Viviana Windsor (collectively, the "Windsors").

Doc. No. 2.   On November 9, 2015, Edward Windsor (the "Defendant") filed a notice of removal (the "Notice") with the Court.   Doc. No. 1.   In the Notice, Defendant states removal of the action is predicated on Plaintiff's "multiple violations of Federal Law."   *Id.* at 2.   On the same day, subsequent to filing the Notice, Defendant filed a "Cross-Action Brief" (the "Brief").   Doc. No. 5.   The Brief purports to assert counterclaims against Plaintiff, including claims that Plaintiff violated the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA").   *Id.* at 6.

On January 5, 2016, the undersigned entered an Order to Show Cause against Defendant. Doc. No. 22.[1]   The undersigned found Defendant has not demonstrated the Court has subject matter jurisdiction over the case.   Specifically, the undersigned found there was no federal question jurisdiction, and Defendant did not sufficiently demonstrate the existence of diversity jurisdiction.   *Id.* at 2-4.   Accordingly, prior to ruling on Defendant's motion to proceed *in forma pauperis*,[2] the undersigned entered an Order to Show Cause directing Defendant to show cause in writing on or before January 18, 2016, "why this case should not be remanded to state court for lack of subject matter jurisdiction."   *Id.* at 4.

On January 28, 2016, Defendant filed a response to the Order to Show Cause and the Motion to Remand (the "Response").   Doc. No. 26.[3]   Defendant argues the Court has federal question jurisdiction because: 1) there is a federal lien attached to the property at issue; 2) the Federal Trade Commission ("FTC") is a party to this case; and 3) the State of Florida, Office of

---

[1] On the same day, Plaintiff filed a Motion for Remand Due to Lack of Subject Matter Jurisdiction (the "Motion for Remand").   Doc. No. 21.

[2] The undersigned construes Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs as a motion to proceed *in forma pauperis*.   Doc. No. 4.

[3] The Response is not timely.   It appears the Defendant realized this fact by certifying that the Response was served on the other parties on January 18, 2016.   Doc. No. 26 at 4.   Nevertheless, the undersigned will consider the Response in determining whether the case should be remanded for lack of subject matter jurisdiction.

the Attorney General is a party to this case.  *Id*. at 3.[4]  Additionally, Defendant argues the Court

has diversity jurisdiction over the case because Plaintiff's "main office" is located in Ohio.  *Id*. at

2 (citing 28 U.S.C. § 1348).  For these reasons, Defendant maintains the Court has subject matter

jurisdiction over this case.  *Id*. at 3-4.

## II.  DISCUSSION.

A defendant may remove from state court to federal court "any civil action . . . of which

the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal

courts have original jurisdiction over all civil actions: 1) arising under the Constitution, laws, or

treaties of the United States (i.e., federal question jurisdiction); or 2) where there is complete

diversity of citizenship between the parties in the action and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs (i.e., diversity jurisdiction).  28 U.S.C. §§ 1331, 1332.

The Court has a duty to inquire into its subject matter jurisdiction whenever it may be lacking.

*Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam).  "The existence

of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*,

552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332

(11th Cir. 1998)).  "If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "A removing

defendant bears the burden of proving proper federal jurisdiction."  *Leonard v. Enter. Rent a Car*,

279 F.3d 967, 972 (11th Cir. 2002).  Statutes governing removal are strictly construed, and thus

"all doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S.*

*Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

---

[4] Defendant maintains the United States of America is also a party to this case.  Doc. No. 26 at 3.  However, the
Complaint names the "United States of America, Federal Trade Commission" as a party to this case.  Doc. No. 2 at
1, 3.  The undersigned construes this as naming the FTC as a party to this case, and not the United States of America.

Defendant has failed to demonstrate the Court has federal question jurisdiction over this case.   In determining whether federal question jurisdiction exists, a court applies the "well-pleaded complaint rule," which provides "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).   The Complaint seeks to foreclose a mortgage on real property pursuant to Florida state law and does not assert any federal cause of action.   Doc. No. 2.   Thus, the allegations in the Complaint do not give rise to federal question jurisdiction.

In the Notice, Defendant maintains removal is proper because Plaintiff "has committed multiple violations of Federal Law."   Doc. No. 1 at 2.   Specifically, Defendant's Brief appears to assert counterclaims against Plaintiff alleging violations of TILA and RESPA.   Doc. No. 5 at 6. A "counterclaim . . . cannot serve as the basis for 'arising under' [federal question] jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see Caterpillar*, 482 U.S. at 390 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").   Thus, Defendant's post-removal assertion of counterclaims asserting various federal causes of action does not provide the Court with federal question jurisdiction over this matter.[5]

In response to the Order to Show Cause, Defendant argues the Court has federal question jurisdiction over this case because: 1) there is a federal lien attached to the property at issue; 2) the FTC is a party to this case; and 3) the State of Florida, Office of the Attorney General is a party to this case.   Doc. No. 26 at 3.   The Defendant cites no authority – nor is the undersigned aware of any authority – concluding that the existence of a federal lien on residential property gives rise to

---

[5]  The same is true if the Court were to construe the allegations in the Brief as defenses.   *Caterpillar*, 482 U.S. at 399.

federal question jurisdiction.  *Id.* at 3.   Likewise, Defendant cites no authority – nor is the undersigned aware of any authority – concluding that the Court has federal question jurisdiction over a case because the FTC or state agency, such as the State of Florida, Office of the Attorney General, are parties to the case.  *Id.*[6]   In light of the foregoing, Defendant has not demonstrated the Court has federal question jurisdiction over this case.  *See Leonard*, 279 F.3d at 972.[7]

Defendant has also failed to demonstrate the Court has diversity jurisdiction over this case. Specifically, Defendant has failed to demonstrate there is complete diversity among the parties.[8] Complete diversity exists where no plaintiff is a citizen of the same state as any defendant; in other words, if one plaintiff is a citizen of the same state as any defendant, a federal court cannot exercise diversity jurisdiction.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).   Generally, in determining an individual's or entity's citizenship for purposes of diversity jurisdiction, the following rules apply: 1) an individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and

---

[6] Instead, Defendant generally cites to Article III, Section 2 of the Constitution in support of the proposition that the inclusion of the United States of America and State of Florida give the Court subject matter jurisdiction over this case. Doc. No. 26 at 3 (citing U.S. Const. art III, § 2, cl. 1 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;-between a State and Citizens of another State;—between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.")).   As previously mentioned, the United States is not named as party to this case.  *See supra* note 4.   Instead, the Complaint names the FTC as a party to this case.  Doc. No. 2 at 1, 3.   Further, Defendant cites no authority concluding, pursuant to Article III, Section 2 of the Constitution, that the presence of a federal and/or state agency (the State of Florida, Office of the Attorney General), in and of itself, gives the Court subject matter jurisdiction over a case.

[7] Even if the United States were a party in this case, that fact alone does not give the Court subject matter jurisdiction over this case.  *See e.g.*, *DB50 2011-1 Trust v. Mastoris*, 2016 WL 344525, at *3 (D.N.J. Jan. 27, 2016) (citing *U.S. Bank N.A. v. Paladino*, 2015 U.S. Dist. LEXIS 81176, at *3 (S.D. Fla. June 23, 2015) ("However, 28 U.S.C. § 1444 does not in and of itself confer subject-matter jurisdiction on a federal court merely because the United States is a party.")).

[8] The amount in controversy appears to be satisfied as the Complaint alleges the Windsors owe Plaintiff a principal sum of $188,189.19 on the note, and Plaintiff requests, in relevant part, the Court order the Windsors to pay the amount due and owing under the note.  Doc. No. 2 at 3, 5.

permanent home"; 2) a corporation is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located; and 3) unincorporated business entities, such as partnerships and limited liability companies, are citizens of every state in which each of its individual members are citizens. *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004) (per curaim).

The Complaint, Notice and Brief each fall short of demonstrating complete diversity because these documents do not identify the state(s) in which each of the Windsors are domiciled or the state(s) in which Plaintiff and Capital One Bank maintain their main office.   Doc. Nos. 1; 2; 5.   In response to the Order to Show Cause, Defendant attempts to cure this deficiency by representing that Plaintiff's "main office" is located in Ohio.   Doc. No. 26 at 2 (citing 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006)).[9]   In *Wachovia*, the Supreme Court held that a national banking association, such as Plaintiff and Capital One Bank, is a citizen of the state "designated in its articles of association as its main office."   *Wachovia*, 546 at 318.   As previously mentioned, Defendant represents that Plaintiff's "main office" is in Ohio, thus suggesting Plaintiff is a citizen of Ohio.   Doc. No. 26 at 2.   However, Defendant does not represent that Plaintiff's articles of association identify Ohio as the location of its main office.

---

[9] The statute governing citizenship of a banking association provides:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.
>
> All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

28 U.S.C. § 1348 (emphasis added).

*See* Doc. No. 26.   Thus, Defendant falls short of demonstrating that Plaintiff is a citizen of Ohio. Even assuming Plaintiff is a citizen of Ohio, Defendant still has not identified the state(s) in which each of the Windsors are domiciled or the state in which Capital One Bank's main office, as set forth in its articles of association, is located.   *See Id*.   Accordingly, Defendant has failed to demonstrate the existence of complete diversity, and thus has failed to demonstrate the Court has diversity jurisdiction over this case.

In conclusion, the undersigned, having given Defendant an opportunity to demonstrate the existence of subject matter jurisdiction, finds Defendant has failed to demonstrate the Court has subject matter jurisdiction over this case.   *See Leonard*, 279 F.3d at 972.   Therefore, the undersigned recommends that the matter be remanded to state court.   *See Univ. of S. Ala.*, 168 F.3d at 411 ("all doubts about jurisdiction should be resolved in favor of remand to state court.").

## III.   <u>CONCLUSION.</u>

Accordingly, it is **RECOMMENDED** that:

1.   The case be **REMANDED** to state court;

2.   All pending motions be **DENIED** as moot; and

3.   The Clerk be directed to close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 14, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy