UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**U.S. BANK NATIONAL ASSOCIATION,**

      **Plaintiff,**

v.                                                        **Case No:  6:15-cv-1895-Orl-41GJK**

**EDWARD LEE WINDSOR, VIVIANA WINDSOR, ALL UNKNOWN PARTIES CLAIMING INTERESTS BY, THROUGH, UNDER OR AGAINST A NAMED DEFENDANT TO THIS ACTION, OR HAVING OR CLAIMING TO HAVE ANY RIGHT, TITLE OR INTEREST IN THE PROPERTY HEREIN DESCRIBED, UNITED STATES OF AMERICA, FEDERAL TRADE COMMISSION, STATE OF FLORIDA OFFICE OF THE ATTORNEY GENERAL, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, UNKNOWN TENANT #1, and UNKNOWN TENANT #2,**

      **Defendants.**
_____/

**ORDER**

      THIS CAUSE is before the Court upon review of the record. On January 5, 2016, United States Magistrate Judge Gregory J. Kelly ordered Defendant Edward Lee Windsor to show cause why this case should not be remanded for want of subject-matter jurisdiction. (Jan. 5, 2016, Order, Doc. 22). Defendant responded. (*See* Resp., Doc. 26). Thereafter, Judge Kelly submitted a Report and Recommendation (Doc. 32), in which he recommends that this case be remanded to state court. (*Id.* at 7). Defendant filed an Objection (Doc. 36) to the Report and Recommendation, raising substantially the same arguments presented in his response to the January 5, 2016, Order.

After a *de novo* review, the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. First, Defendant's objections with respect to diversity jurisdiction are without merit. Even taking as true Defendant's allegations that Plaintiff is a citizen of Ohio, Defendant has neither alleged his state of domicile nor the domicile or citizenship of the remaining Defendants. As Defendant concedes, the party seeking to remove a case bears the burden of proving that the federal district court has subject-matter jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Thus, Defendant has not met his burden of establishing that diversity of citizenship exists.

Second, to the extent Defendant contends that removal is proper because an agency of the United States is a named party to this litigation, he does not have the authority to remove on behalf of that agency. Pursuant to 28 U.S.C. § 1442(a), "[a] civil action . . . that is against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof" "may be removed *by them* to the district court of the United States for the district and division embracing the place wherein it is pending." (emphasis added). Accordingly, even assuming that the Federal Trade Commission could meet the requirements for removal under § 1442, the agency alone has the power to exercise that right. *See Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960) ("[E]ven the most literal reading [of § 1442] would permit the federal officer alone to remove . . . . For 'by them' means 'by any of the following persons' and the defendants who are not federal officers are not such persons."); *see also Morrison v. Jack Richards Aircraft Co.*, 328 F. Supp. 580, 583 (W.D. Okla. 1971). Therefore, Defendant's removal of this case was improper. For the reasons set forth in the Report and Recommendation and this Order, Defendant has not met his burden of establishing subject-matter jurisdiction, and this case will be remanded.

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 32) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, Case Number 15-CA-2304 MF.

3. All other pending motions are **DENIED as moot**.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida on June 6, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Clerk of the Court of the Ninth Judicial Circuit in and for Osceola County, Florida